JOSÉ TEXIDOR PÉREZ, recurrido, *v.* POLICÍA DE PUERTO RICO, peticionaria.

*Número:* O-82-726     *Resuelto:* 1 de junio de 1983

*Miguel Pagán, Procurador General Interino,* y *Doris M. Santiago,* abogada del Departamento de Justicia, abogados de la peticionaria, Policía de Puerto Rico; *Diego Ledeé Bazán,* abogado del recurrido.

PER CURIAM: El recurrido José Texidor Pérez ingresó *como cadete* a la Policía de Puerto Rico *el día 29 de julio de 1977*, dando así comienzo al período probatorio de dos (2) años que prescribe el Art. 8 de la Ley de la Policía, Ley Núm. 26 de 22 de agosto de 1974. En cumplimiento del inciso (6)(a) de la Sec. 5 del Art. IX del Reglamento de dicho cuerpo[1] se procedió a practicar la correspondiente investigación confidencial sobre el carácter, hábitos, conducta en la comunidad, etc., del recurrido. Rendido el informe al señor Superintendente de la Policía, éste, mediante carta *de fecha 31 de octubre de 1977*, separó de su puesto al recurrido. Solicitada la reconsideración de dicha determinación, el señor Superintendente, mediante carta *de fecha 8 de noviembre de 1977*, se ratificó en su decisión original.

En relación con dicha separación del servicio el recurrido contó con el beneficio de estar representado por abogado, por lo menos *desde el día 19 de abril de 1978*, [2] fecha en que la representación legal del recurrido se comunicó con el Superintendente Auxiliar en Servicios Generales de la Policía de Puerto Rico con el propósito de reiterar una solicitud de producción de documentos que le había hecho el recurrido al señor Superintendente mediante cartas de fecha 17 de enero y 14 de marzo de 1978. No es hasta *el día 16 de agosto de 1978* —casi diez meses después de habérsele notificado la separación y casi cuatro meses después de contar con representación legal— que el recurrido presenta un escrito de apelación ante la Junta de Apelaciones del Sistema de Personal (J.A.S.A.P.).

Dicho organismo administrativo, mediante resolución al efecto de fecha 20 de octubre de 1978, declinó asumir jurisdicción en el caso por el fundamento de que el recurrido había dejado transcurrir en exceso del término de treinta

---

[1] Reglamento de la Policía de Puerto Rico de 1976.

[2] Así surge de la resolución emitida por el honorable Tribunal Superior de Puerto Rico, Sala de Guayama, el día 10 de junio de 1980.

días que concede la Ley de Personal del Servicio Público, 3 L.P.R.A. sec. 1395, para radicar su escrito de apelación. Solicitada la revisión de dicha determinación administrativa, el Hon. Tribunal Superior de Puerto Rico, Sala de Guayama, mediante sentencia de fecha 10 de enero de 1979, se negó a revisar la misma.

Acudió ante este Tribunal el aquí recurrido. Expedimos orden de mostrar causa. En opinión per curiam de fecha 18 de octubre de 1979 —*Texidor* v. *Superintendente de la Policía*, 109 D.P.R. 156— revocamos "la sentencia recurrida y [devolvimos] el caso al tribunal de instancia *para que dilucid[ara] este aspecto de la controversia* [si el aquí recurrido había o no había incurrido en incuria], *el cual es determinante de la jurisdicción o falta de ella de la Junta de Apelaciones*". (Énfasis suplido.) Pág. 160.

El tribunal de instancia, en resolución emitida con fecha de 10 de junio de 1980, no sólo resolvió que el aquí recurrido no había incurrido en incuria, sino que adjudicó la controversia en los méritos y en consecuencia ordenó la reposición de éste en su puesto con todos los beneficios "retroactivos a la fecha del despido ilegal".

Alegando *exclusivamente* que el tribunal de instancia se había excedido en lo ordenado por este Tribunal, por cuanto el mandato era al único fin de que se determinara el aspecto de incuria, el señor Superintendente de la Policía acudió en alzada ante este Tribunal. Mediante sentencia de fecha 13 de marzo de 1981 expedimos el auto y revocamos. Expresamos:

> El tribunal de instancia resolvió que el recurrido en el presente recurso no había incurrido en incuria. Con vista a esta determinación concedimos término al aquí recurrido para mostrar causa por la cual no debe expedirse el auto solicitado y una vez expedido revocarse la resolución recurrida y dictar otra en que se ordene a la Junta de Apelaciones del Sistema de Administración de Personal asumir jurisdicción en el caso. La comparecencia de la parte recurrida no nos convence de que resolvamos el caso en este Tribunal, dispensando la vista

ante la Junta. Se expide el auto y se requiere del tribunal de instancia que devuelva el caso a la Junta de Apelaciones para que asuma jurisdicción sobre el asunto y falle conforme a derecho.

La Junta, en cumplimiento de nuestra sentencia, asumió jurisdicción. Luego de los trámites de rigor, confirmó la decisión del señor Superintendente de la Policía de Puerto Rico de separar de su puesto al aquí recurrido. Éste acudió en alzada ante el tribunal de instancia. Dicho tribunal, mediante sentencia de fecha 8 de octubre de 1982, revocó a la J.A.S.A.P. y nuevamente ordenó la reinstalación del señor Texidor Pérez. La Policía de Puerto Rico acude ante este Tribunal imputándole error al tribunal de instancia al así actuar. Expedimos el auto de *certiorari* solicitado, mediante resolución al efecto de fecha 2 de diciembre de 1982. Resolvemos.

La base para la separación del recurrido del puesto que ocupaba lo fue el informe confidencial que recibiera el señor Superintendente de la Policía de Puerto Rico referente el mismo a la investigación autorizada por el Reglamento de dicho cuerpo. Notamos que el tribunal de instancia no tuvo, antes de que resolviera revocar a J.A.S.A.P., el beneficio de dicho informe confidencial. Ello, a nuestro juicio, privó a dicho tribunal de tener ante sí todos los elementos de juicio necesarios para emitir su dictamen.

No podemos olvidar que en el presente caso el foro judicial debe mantener un balance entre, por un lado, los derechos que como empleado probatorio le concede la Ley de Personal al recurrido y, por otro lado, la Ley de la Policía, que dispone que "todo miembro de la Fuerza estará sujeto a un período probatorio de dos (2) años durante el cual la persona podrá ser separada del servicio en cualquier momento si a juicio del Superintendente demuestre ineptitud para ser miembro de la Policía, o sus hábitos y confiabilidad no ameritan que continúe en el Cuerpo".[3] La facultad así

---

[3] 25 L.P.R.A. sec. 1008(e).

concedida al señor Superintendente refleja un interés legis-
lativo que tiene su base en el derecho que tiene la sociedad
en general a que los miembros de la Policía de Puerto Rico
sean las personas más idóneas posibles por razón de ser ésta
la agencia gubernamental encargada de la protección de la
vida y la propiedad de nuestro Pueblo.

En consecuencia *se revoca la sentencia dictada por el
honorable Tribunal Superior de Puerto Rico, Sala de
Guayama, de fecha 8 de octubre de 1982, en el caso Civil
Núm. CS-82-944 y se devuelve el caso a dicho tribunal con
instrucciones de que examine el informe en controversia, en
forma tal que garantice al máximo la confidencialidad del
mismo, luego de lo cual resolverá.*

Los Jueces Asociados Señores Torres Rigual, Díaz Cruz
y Negrón García concurren en el resultado sin opinión.